Booker T. Evans, Jr.
Nevada Bar No. 1209
Joel E. Tasca
Nevada Bar No. 14124
Lindsay C. Demaree
Nevada Bar No. 11949
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
E-mail: evansb@ballardspahr.com
E-mail:  tasca@ballardspahr.com
E-mail:  demareel@ballardspahr.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY W. HANSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TMX Finance LLC dba TITLE MAX OF NEVADA, INC.; TMX Finance of Nevada, Inc.; and TITLEMAX OF NEVADA, INC. d/b/a as TITLEMAX and or TITLEMAX OF NEVADA,<br><br>Defendants. | CASE NO. 2:18-cv-00616-RFB-CWH<br><br>**DEFENDANT'S MOTION TO (1) COMPEL ARBITRATION AND DISMISS, OR ALTERNATIVELY, (2) STAY PROCEEDINGS AND STRIKE ALL CLASS ALLEGATIONS** |

Defendant TitleMax of Nevada, Inc., ("Defendant")[1] moves to compel arbitration of the individual claims brought by Plaintiff Jeffrey W. Hanson ("Plaintiff") and to dismiss this action without prejudice. In the alternative to dismissal, Defendant moves to stay the action pending arbitration of Plaintiff's claims, and to strike all class allegations. This Motion is based upon Federal Rule of Civil Procedure 12(b), the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), Local Rule 7-2, the Declaration of Elizabeth Evans ("Evans Decl.") and the exhibits

---

[1] Plaintiff voluntarily dismissed Defendants TMX Finance LLC and TMX Finance of Nevada, Inc. *See* ECF No. 6.

attached thereto, the documents on file in this action, and the following points and authorities.

## POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff asserts claims on behalf of himself and a putative class for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").  Plaintiff's individual claims must be arbitrated pursuant to the mandatory arbitration clause contained in the Credit Application ("Application") and in the Title Loan Agreement, Promissory Note and Security Agreement (the "Loan Agreement") that he entered into with Defendant.  In addition, the Application and Loan Agreement preclude Plaintiff from asserting claims on behalf of a putative class.  Defendant therefore seeks an order from this Court to compel arbitration of Plaintiff's individual claims only, and to either dismiss this action, or in the alternative, stay the action pending arbitration of Plaintiff's claims and strike all class allegations.[2]

### II.   STATEMENT OF FACTS

#### A.   Plaintiff Agreed To Arbitration Of His Claims

On or about November 2, 2017, Plaintiff completed the Application for a short-term loan with Defendant.  Ex. 1, Evans Decl., ¶ 5 (attached hereto).  The Application states, in pertinent part:

> **NOTICE OF ARBITRATION AGREEMENT:  EACH APPLICANT WHO SUBMITS A FULL CREDIT APPLICATION WILL BE REQUIRED TO ENTER INTO A SEPARATE WAIVER OF JURY TRIAL AND ARBITRATION  AGREEMENT (THE "ARBITRATION AGREEMENT") WITH TITLEMAX AS A CONDITION TO SUBMITTING THIS CREDIT APPLICATION AND IN CONSIDERATION OF TITLEMAX ACCEPTING AND CONSIDERING**

---

[2] The Loan Agreements of all putative class members similarly contain the Arbitration Clause, and Defendant reserves all rights under the Arbitration Clause with respect to these putative class members at later stages of this action, or in any independent action.

> THIS CREDIT APPLICATION. YOU MAY OPT-OUT OF ARBITRATION AS DESCRIBED IN THE ARBITRATION AGREEMENT. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO HAVE A JURY TRIAL, TO ENGAGE IN DISCOVERY (EXCEPT AS MAY BE PROVIDED FOR IN THE ARBITRATION RULES), AND TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS OR IN ANY CONSOLIDATED ARBITRATION PROCEEDING OR AS A PRIVATE ATTORNEY GENERAL. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT MAY ALSO BE UNAVAILABLE IN ARBITRATION.

Ex. 1, Evans Decl., at Ex. 1-A, p. 3 (Additional Terms and Conditions of This Credit Application).

The Application was approved the same day, resulting in the Loan Agreement between the parties. Ex. 1, Evans Decl., ¶ 6. The Loan Agreement includes an arbitration clause, and states, in pertinent part:

> WAIVER OF JURY TRIAL AND ARBITRATION CLAUSE: **By signing below, Lender and I agree to this Waiver of Jury Trial and Arbitration Clause, including a waiver of class actions (the "*Clause*"). . .This Clause is a legally binding part of this Note**.
>
> *****
>
> In this Clause, "*Dispute*" has a broad meaning. "*Dispute*" includes all claims and disagreements related to my application, this Note, the Vehicle, the Loan, or my dealings with Lender. It includes claims and disagreements about any prior applications and agreements. It includes extensions, renewals, refinancing, and payment plans. It includes claims related to collections, privacy, and customer information. It includes claims and disagreements that usually would be resolved in court. "Dispute" also includes claims and disagreements I have with Related Parties.

Ex. 1, Evans Decl., at Ex. 1-B, pp. 4-5 (the "Arbitration Clause").

As part of the Arbitration Clause, Plaintiff also agreed to "give up [his] right" to:

> 1. Have a jury decide Disputes.
>
> 2. Have a court, other than a small claims court, decide Disputes.
>
> 3. Serve as a private attorney general or in a representative capacity.
>
> 4. Join a Dispute I have with a dispute by other consumers.
>
> 5. Bring or be a class member in a class action or class arbitration.

1  *See id.* at pp. 4-5; *see also id.* at p. 5 (agreeing to "a waiver of class actions").

2  Additionally, the Arbitration Clause provides that the FAA governs it. *Id.* at p. 4, ¶ 22; *id.* at p. 6 ("What law applies? The Federal Arbitration Act ('FAA')"). It also states that the Arbitration Clause will remain in effect even if Plaintiff were to "cancel the Loan," or "default, refinance, prepay, or pay the Loan in full." *Id.* at p. 6.

The Loan Agreement provided Plaintiff 60 days to opt out of the Arbitration Clause. *Id.* Plaintiff executed the Loan Agreement but did not opt out of the Arbitration Clause. Ex. 1, Evans Decl., ¶¶ 6-9.

### B. Plaintiff Filed This Action Despite The Express Agreement To Arbitrate

Plaintiff's Complaint alleges that Defendant placed multiple calls and/or SMS text messages to him, without prior express consent, "to collect a non-existent debt." *See* ECF No. 1, Complaint, ¶ 37. Based on this conduct, Plaintiff purports to bring claims for negligent and willful violations of the TCPA on behalf of a putative class of other similarly situated persons who allegedly received similar calls and/or SMS text messages from Defendant. *See id.*, ¶ 74.

Pursuant to the terms of the Arbitration Clause, Defendant now moves to compel arbitration of Plaintiff's individual claims and dismiss the Complaint or, alternatively, to stay this litigation pending arbitration and strike all class allegations.

### III. THE COURT SHOULD COMPEL ARBITRATION

#### A. The FAA Applies To The Arbitration Clause

As an initial matter, the FAA applies to the Arbitration Clause at issue in this case. The FAA governs written arbitration agreements "evidencing a transaction involving commerce." *See* 9 U.S.C. § 2. The Supreme Court has construed this phrase broadly to refer to transactions that "involve interstate commerce." *Allied–Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 279 (1995).

As set forth above, the Loan Agreement expressly provides that the FAA governs the Arbitration Clause. Ex. 1-B, at pp. 4, 6. Further, transactions between

parties domiciled in different states qualify as "interstate commerce" under the FAA. *See, e.g., J.M. Woodworth Risk Retention Group, Inc. v. Uni-Ter Underwriting Mgmt. Corp.*, case no. 2:13-cv-0911-JAD-PAL, 2013 WL 4875098, at *5 (D. Nev. Sept. 11, 2013) ("As agreements between parties domiciled in different states and operating in many states, these agreements involve interstate commerce within the meaning of the FAA."). In this case, Plaintiff resides in Nevada, *see* ECF No. 1, Complaint, ¶ 5, whereas Defendant is a Delaware corporation with its principal place of business in Georgia, *see* Ex. 1, Evans Decl., ¶ 1. Because the parties are domiciled in different states, the FAA applies for that reason as well.

"Section 2 of the FAA creates a policy favoring enforcement of agreements to arbitrate." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008); *see also* 9 U.S.C. § 2. The FAA "establishes 'a liberal federal policy favoring arbitration agreements.'" *Epic Systems Corp. v. Lewis*, __ S. Ct. ___, 2018 WL 2292444, at * 5 (May 21, 2018) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Indeed, the FAA's plain terms require a district court to compel arbitration of issues that fall within the scope of a signed arbitration agreement. *J.M. Woodworth*, 2013 WL 4875098, at *4; *see also Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000) ("By its terms, the Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'") (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original)). "It is well established that where the contract contains an arbitration clause, there is a presumption of arbitrability." *J.M. Woodworth,* 2013 WL 4875098, at *4 (quoting *Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009) (internal quotations omitted)). Thus, "[t]his Court's role under the FAA is 'limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Id.* (quoting *Chiron Corp.*, 207 F.3d at

1130).

  Here, both of these requirements are met.

### B. A Valid and Enforceable Written Arbitration Clause Exists

  As set forth above and in the attached exhibits, Plaintiff was provided notice of the Arbitration Clause in the Application, and the Loan Agreement prominently set forth the Arbitration Clause. Ex. 1, Evans Decl., ¶ 8; Ex. 1-A; Ex. 1-B. Plaintiff affirmatively agreed to the terms of the Loan Agreement—including the Arbitration Clause. Ex. 1, Evans Decl., ¶ 8. Although Plaintiff had the opportunity to opt out of the Arbitration Clause, he did not do so. Ex. 1, Evans Decl., ¶ 9. Accordingly, the Arbitration Clause is valid and enforceable in this case.

### C. Plaintiff's Claims Fall within the Scope of the Arbitration Clause

  There is a presumption in favor of arbitration when an arbitration agreement exists. *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1022 (9th Cir. 2016) (citing *Moses H. Cone*, 460 U.S. at 24; *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011); *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1049 (9th Cir. 1996). This presumption "is particularly applicable where the [arbitration] clause is [] broad." *AT&T Techs., Inc. v. CWA,*, 475 U.S. 643, 650 (1986); *see also Gen. Teamsters, Warehouseman & Helpers Union, Local 890 v. Nat'l Refractories & Minerals*, 48 F.3d 1277, 1278 (9th Cir. 1995) (holding that in Ninth Circuit there is strong presumption of arbitrability for arbitration clauses that are written with broad and general terms); *Dennis L. Christensen Gen. Bldg. Contractor, Inc. v. Gen. Bldg. Contractor Inc.*, 952 F.2d 1073, 1077 (9th Cir. 1991) (same); *Westinghouse Hartford Co. v. Hanford Atomic Metal Trades Council*, 940 F.2d 513, 517 (9th Cir. 1991) (same).

  Here, as discussed above, the Arbitration Clause's definition of "'Dispute"' includes, but is not limited to, "all claims and disagreements related to . . . [his] dealings with [Defendant] . . . includ[ing] claims related to collections, privacy, and customer information." Ex. 1, Evans Decl.; Ex 1-B at pp. 4-5.

  Plaintiff's claims are premised on text messages and calls allegedly placed by

Defendant to Plaintiff's cell phone to collect a non-existent debt. *See* ECF No. 1, Complaint, ¶ 37. Because these claims relate to (among other aspects of the Arbitration Clause) "collections, privacy and customer information" and Plaintiff's "dealings with [Defendant]," they are plainly encompassed by the Arbitration Clause's broad scope.

Courts have routinely compelled arbitration of TCPA claims based on similar arbitration agreements. *See, e.g., Tate v. Progressive Finance Holdings, LLC*, Case No. 2:17-cv-01589-ODW, 2017 WL 4804354 (C.D. Cal. Oct. 24, 2017); *Miller v. Time Warner Cable Inc.*, Case No. 8:16-cv-00329-CAS, 2016 WL 7471302 (C.D. Cal. Dec. 27, 2016); *Cayanan v. Citi Holdings, Inc.*, 926 F. Supp. 2d 1182 (S.D. Cal. 2013). The same result should obtain here.

### D. The Court Should Dismiss This Action

Upon finding a valid arbitration agreement exists, a court may dismiss any claim subject to arbitration without prejudice pursuant to the FAA. *See, e.g., Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 652 (9th Cir. 2009) (affirming district court's decision granting motion to compel arbitration and dismiss complaint pursuant to Rule 12(b)(3)); *Kukje Hwajae Ins. Co., Ltd. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005) ("A motion to enforce a forum-selection clause is treated as a motion pursuant to Federal Rule of Civil Procedure 12(b)(3)."); *Richardson v. MYW Holdings, LLC*, case no. 3:15-cv-00365-RCJ-WGC, 2015 WL 7185460, at *4 (D. Nev. Nov. 13, 2015) ("The Court grants Defendants' converted motion to compel arbitration. It dismisses the case and orders the parties to undergo binding arbitration in the County of Santa Clara, California as the arbitration clause dictates.").

Because Plaintiff's claims are subject to arbitration, the Court should dismiss this lawsuit in its entirety.

In the alternative, the Court should stay this proceeding while the parties complete binding arbitration. *See* 9 U.S.C. § 3. If the Court stays the action, it also

should strike the class allegations in Plaintiff's Complaint given Plaintiff's express class action waiver in the Arbitration Clause. *See Eshagh v. Terminix Intern. Co., L.P.*, 588 Fed. App'x 703 (9th Cir. 2014) (affirming district court's order striking class allegations when plaintiff's individual claims were compelled to arbitration).

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an order (1) compelling Plaintiff to arbitrate his individual claims, and (2) dismissing this action or, in the alternative, staying it until Plaintiff completes arbitration of his individual claims, and striking all class allegations.

DATED this 4th day of June, 2018.

BALLARD SPAHR LLP

By: /s/ Lindsay Demaree
Booker T. Evans, Jr.
Nevada Bar No. 1209
Joel E. Tasca
Nevada Bar No. 14124
Lindsay C. Demaree
Nevada Bar No. 11949
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5, I hereby certify that on June 4, 2018, a true copy of the foregoing **DEFENDANT'S MOTION TO (1) COMPEL ARBITRATION AND DISMISS, OR ALTERNATIVELY, (2) STAY PROCEEDINGS AND STRIKE ALL CLASS ALLEGATIONS** was filed via the Court's CM/ECF System and electronically served by the Court on all parties registered with the CM/ECF system in this matter.

                    /s/    Mary Kay Carlton
                    An Employee of Ballard Spahr LLP